■ In the Matter of ACCESSOCRAFT PRODUCTS CORP., Appellant, v CITY OF NEW ROCHELLE, Respondent. [777 NYS2d 187]—

In a condemnation proceeding, Accessocraft Products Corp. appeals, by permission, from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered August 8, 2003, as, sua sponte, appointed a private attorney to serve as referee of its trade-fixture claim, at a fee of $1,000 per day, to be shared equally by the parties.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appointment is vacated.

Eminent Domain Procedure Law § 501 (B) expressly provides: "In all claims arising from the acquisition of real property other than as provided in subdivision (A) of this section [concerning claims against the state in the Court of Claims], the supreme court, held in the judicial district where the real property or any portion thereof is situated, shall have exclusive jurisdiction to hear and determine all claims arising from the acquisition of real property *and shall hear such claims* without a jury or *without referral to a referee* or commissioners" (emphasis supplied).

Pursuant to this unambiguous provision, the Supreme Court lacked the authority to appoint a referee to try this condemnation matter (*see Matter of New York City Tr. Auth. v Donner,* 123 AD2d 252 [1986]).

The respondent's remaining contentions are without merit. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.